# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE: LARRY KLAYMAN        Case No. 3:22-mc-14-JRK

_____

## O R D E R

  Beginning in late 2022, Mr. Klayman was facing reciprocal discipline in this Court over a suspension from the bar of the District of Columbia effective in October 2022 ("Original Discipline Proceeding"). In accordance with Local Rule 2.04(b)(2), he petitioned the Court—through a November 8, 2022 filing in the above-captioned case (Doc. No. 1)—not to impose reciprocal discipline. One of the reasons for the petition was his representation of parties in two cases then pending in this Court. See Reed v. Chamblee, et al., No. 3:22-cv-1059-TJC-PDB; Reed v. Ryan, et al., 3:22-cv-1181-TJC-PDB. The Court was actively considering the petition and its voluminous accompanying record[1] when Mr. Klayman on January 13, 2023 filed a motion to stay this disciplinary proceeding (Doc. No. 6) because of an unsettled appeal of his Original Discipline Proceeding (he had intended to—and ultimately did—petition the United States Supreme

---

[1] The Honorable Timothy J. Corrigan, (then) Chief United States District Judge, designated the undersigned to determine the petition. See Order (Doc. No. 2), entered November 8, 2022.

Court for a writ of mandamus[2]) and related litigation he had initiated (in the District of Columbia Superior Court[3]). Following other courts—including the United States Court of Appeals for the Fifth Circuit—that had determined to stay reciprocal discipline proceedings, the undersigned granted a stay on February 6, 2023 (Doc. No. 7; "Stay Order"). The undersigned further ordered:

> Mr. Klayman is **DIRECTED** to immediately provide this Court with copies of any materials he provides to the United States Court of Appeals for the Fifth Circuit in response to the Clerk of that Court's December 8, 2022 letter to him directing that he advise that Court when the proceedings in the District of Columbia Superior Court are concluded and when the writ of mandamus or certiorari proceedings are concluded. **Mr. Klayman is advised that the failure to keep this Court informed of the status of those proceedings or any material change in circumstance may result in the imposition of reciprocal discipline without further notice.**

Stay Order at 2.

Although Mr. Klayman did not file anything in response to the Stay Order, the Court became aware that the litigation in the District of Columbia Superior Court concluded. (As explained in detail below, that matter is currently on appeal.) Moreover, the United States Supreme Court denied Mr. Klayman's petition for writ of mandamus and subsequent petition for rehearing regarding his Original Discipline Proceeding. Because Mr. Klayman had not

---

[2] See In re Larry Elliot Klayman, Petitioner, 22-619 (U.S.).
[3] See Klayman v. Sataki, 2022-CAB-5235 (D.C. Sup. Ct.).

kept the Court informed of these matters, the undersigned on February 14, 2025 entered an Order to Show Cause (Doc. No. 9) directing him to state why this Court should not automatically impose reciprocal discipline regarding his suspension from the District of Columbia, and directing him to file a comprehensive status update of all proceedings referred to in the Stay Order. Further, Mr. Klayman was directed to file a separate notice containing a comprehensive list of any and all events set forth in Local Rule 2.04(b)(1) that have occurred since the November 8, 2022 petition filed in this matter.

Mr. Klayman timely complied with the Order to Show Cause.[4] See Larry Klayman's Response to Order to Show Cause (Doc. No. 14; "Response"), filed April 8, 2025; Notice Pursuant to Local Civil Rule 2.04(b)(1) (Doc. No. 15; "Notice"), filed April 8, 2025. In the Response, Mr. Klayman provides an update of his discipline proceedings and related matters, and argues that, "at a fundamental level, nothing has changed since February 6, 2023." Response at 10. He also notes he has "another lawsuit concerning [the complainant leading to his discipline issues] in Florida state court before the Fifteenth Judicial Circuit in Palm Beach" and also that "the Florida Supreme Court is considering the issue of reciprocal discipline." Id. at 9-10.

---

[4] Mr. Klayman sought and received an extension of time to respond until April 8, 2025. See Motions (Doc. Nos. 11, 12); Order (Doc. No. 13).

As to the matter of why he did not inform the Court when the proceedings at issue in the Stay Order were concluded, he indicates his good faith interpretation of the Stay Order was requiring him to "inform the Court further when [his related civil litigation,] Klayman v. Sataki et al, 22-CAB-5235 (D.C. Sup. Ct.) . . . was finally decided, with all avenues of appeal having been exhausted." Response at 1. That case is currently on appeal to the District of Columbia Court of Appeals, No. 24-cv-226 (the "District of Columbia Appeal"), so, according to Mr. Klayman, he believed he did not have the obligation to update the Court "until he had finally exhausted all of his challenges to the underlying order of suspension by the District of Columbia Bar in In re Klayman, 20-BG-583" (the Original Discipline Proceeding) which included, in his view, the District of Columbia Appeal. Id. at 2.

Even though Mr. Klayman's explanation for failing to keep the Court informed of these matters and any material changes of circumstance pushes the bounds of reasonableness, the Court discharges the Order to Show Cause (Doc. No. 9) entered February 14, 2025.

More problematic, however, is Mr. Klayman's representation in the Notice that no events set forth in Local Rule 2.04(b)(1) have occurred since November 8, 2022. That rule requires an attorney to notify the clerk "within fourteen days after . . . los[ing] good standing with, [being] publicly disciplined by, [being] disbarred on consent from, or [having] resigned from, any bar."

Despite Mr. Klayman's representation to the contrary, the Court is aware that at least one Court—the United States District Court for the Southern District of Florida—entered a suspension Order on July 22, 2023. <u>See</u> In re Larry Elliot Klayman, 1:23-mc-21662, Order (Doc. No. 7; "S.D. Fla. Suspension Order").

Mr. Klayman's affirmative representation that no Local Rule 2.04(b)(1) events have occurred since November 8, 2022 is concerning in light of the S.D. Fla. Suspension Order. The Court surmises that Mr. Klayman must have overlooked that suspension when making the affirmative representation regarding Local Rule 2.04(b)(1). The S.D. Suspension Order imposed reciprocal discipline based upon the Original Discipline Proceeding, the same issue that this Court will consider upon the expiration of the stay. So, in light of the reason for the S.D. Fla.'s suspension and the circumstances, the Court will not at this time consider sanctioning Mr. Klayman regarding his inaccurate representation. It goes without saying that Mr. Klayman shall ensure accuracy in all of his filings. Misrepresentations will not be tolerated.

In the Response, Mr. Klayman suggests that the current stay is appropriately extended through the pendency of his District of Columbia Appeal. The undersigned agrees, and this disciplinary matter will remain stayed pending the District of Columbia appeal. Mr. Klayman also suggests the Court should consider staying this matter through the pendency of the Florida Supreme Court proceedings and/or his lawsuit concerning the complainant in

the State of Florida's Fifteenth Judicial Circuit. The Court declines to hold this matter in abeyance pending those matters, which are newly developed after the original stay in this matter was imposed.

After due consideration, it is

**ORDERED:**

1. The Order to Show Cause (Doc. No. 9), entered February 14, 2025, is **DISCHARGED**.

2. The **stay** imposed by the Order entered February 6, 2023 (Doc. No. 7) **remains in effect** only during the pendency of the appeal in Klayman v. Sataki, No. 24-cv-226 (D.C. Ct. App.). **Beginning August 29, 2025 and every sixty (60) days thereafter**, Mr. Klayman shall file a notice updating the Court on the status of that appeal. Further, within **ten (10) days** of the date or filing of a final order, opinion, or judgment of the District of Columbia Court of Appeals, or any dispositive ruling on a timely petition for reconsideration thereof, whichever occurs later, Mr. Klayman shall notify this Court that the appeal to the District of Columbia Court of Appeals has concluded, and provide a copy of all final orders, opinions, or judgments.

3.  Although the Court declines to stay this matter pending the other disciplinary proceedings Mr. Klayman is facing and civil litigation he has initiated, he is reminded of his obligation under Local Rule 2.04(b)(1) to notify this Court of any matters set forth in the rule.

**DONE AND ORDERED** in Jacksonville, Florida on June 30, 2025.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Larry Klayman, Esquire
Hon. Marcia Morales Howard, Chief U.S. District Judge
Attorney Admissions Clerk